# EXHIBIT C

Case 3:25-cv-03069-N   Document 1-5   Filed 11/11/25   Page 2 of 9   PageID 19

FILED
10/7/2025 11:07 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Bernita Jefferson DEPUTY

1 CIT/ES

DC-25-19136

CAUSE NO. _____

| | | |
|---|---|---|
| **TEMANI ADAMS,** | § | IN THE DISTRICT COURT OF |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| vs. | § | DALLAS COUNTY, TEXAS |
| | § | |
| **ALLSTATE VEHICLE AND** | § | |
| **PROPERTY INSURANCE COMPANY,** | § | 14th |
| | § | _____ JUDICIAL DISTRICT |
| **Defendant.** | | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, plaintiff Temani Adams ("Plaintiff"), by and through her attorneys, Le Brocq & Horner, PLLC, and files this Original Petition against Allstate Vehicle and Property Insurance Company ("Defendant" or "Allstate"), saying as follows:

## I.
## DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

## II.
## PARTIES

2. Plaintiff, Temani Adams, is an individual residing in Texas.

3. Defendant Allstate Vehicle and Property Insurance Company is a fire and casualty insurer with offices and doing business in Texas and may be served with process by serving its Registered Agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

PLAINTIFF'S ORIGINAL PETITION – Page 1

## III.
## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter because the amount in controversy exceeds the minimum jurisdictional limits of this Court, and monetary relief of $250,000 or less, exclusive of interest and costs.

5. Venue is proper in Dallas County, Texas, pursuant to Chapter 15 of the Texas Civil Practice and Remedies Code, as all or a substantial part of the events giving rise to this claim occurred in this state and Defendant conducts business in Texas.

## IV.
## FACTUAL ALLEGATIONS

6. On or about November 21, 2024, and again on December 17, 2024, Plaintiff's residence was burglarized, causing extensive property damage and significant losses. Both incidents fell squarely within the coverage of Plaintiff's homeowner's policy with Allstate Vehicle and Property Insurance Company. Consistent with her obligations under the policy, Plaintiff promptly reported each burglary and submitted timely claims—Claim No. 0776415309 and Claim No. 0779810307—for adjustment and payment.

7. Plaintiff fully complied with the policy's requirements by cooperating with Defendant's investigation and submitting extensive supporting documentation, including police reports, receipts, photographs, videos, and detailed inventories of stolen and damaged property. Despite these good faith efforts, Defendant denied the claims and failed to process or pay them in a timely manner, as required under the policy. This ongoing failure to fulfill contractual obligations constitutes a breach, resulting in significant financial and emotional hardship to Plaintiff.

## V.
## CAUSES OF ACTION

### *First Cause of Action*
### *(Unreasonable Delay in Payment)*

8. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

9. Defendant's prolonged failure to pay Plaintiff's valid claims constitutes an egregious breach of its duty under Tex. Ins. Code § 542.003(b)(4), which mandates that insurers must "attempt in good faith to effectuate prompt, fair, and equitable settlements of claims submitted in which liability has become reasonably clear." Plaintiff provided Defendant with timely and comprehensive documentation substantiating her claims, yet Defendant refused to tender payment or provide justification, despite clear liability under the policy.

10. This delay in claim resolution mirrors the conduct condemned by the Texas Supreme Court in *State Farm Fire & Cas. Co. v. Simmons*, 963 S.W.2d 42, 44 (Tex. 1998), where the insurer's unreasonable delay in payment was held to be in bad faith. Defendant's unjustified inaction reflects not only breach of contract, but also a systemic failure to uphold statutory duties, resulting in substantial damages to Plaintiff.

### *Second Cause of Action*
### *(Failure to Affirm or Deny Coverage within a Reasonable Time)*

11. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

12. Defendant violated Tex. Ins. Code § 542.056(a) by failing to respond to Plaintiff's claims within the time frame required by law. This section obligates insurers to notify claimants of acceptance or denial within 15 business days after receipt of all items required to evaluate the claim. Plaintiff's submissions—including police reports, itemized losses, photographs, and receipts—were complete and sufficient for coverage determination.

13. Despite having all necessary documentation, Defendant neither affirmed nor denied coverage within the statutory period, nor did it provide any reasonable explanation for this delay. The Texas Supreme Court's ruling in *Barbara Technologies Corp. v. State Farm Lloyds*, 589 S.W.3d 806 (Tex. 2019), confirms that an insurer's violation of these deadlines—even when payment is ultimately made through appraisal—may still trigger liability under Chapter 542. Defendant's conduct here plainly demonstrates such statutory violation, underscoring its broader pattern of delay and evasion.

### Third Cause of Action
### (Misrepresentation and Failure to Settle in Good Faith)

14. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

15. Defendant's actions also violate Tex. Ins. Code § 541.060(a) by misrepresenting material facts and policy provisions and failing to act in good faith throughout the claims process. Specifically, Defendant misrepresented the scope of Plaintiff's policy, failed to acknowledge coverage despite clear evidence of a covered loss, and offered no reasonable basis for delaying settlement. These representations and omissions misled Plaintiff and obstructed her ability to recover under her contract.

16. As stated in *Provident Am. Ins. Co. v. Castaneda*, 988 S.W.2d 189, 193–94 (Tex. 1998), an insurer's misrepresentation and refusal to promptly settle valid claims constitutes actionable bad faith. Defendant's conduct is not merely negligent—it reflects a willful disregard of both statutory and contractual obligations. Such behavior compounds Plaintiff's financial hardship and magnifies the legal exposure faced by Defendant under Chapter 541.

## Fourth Cause of Action
### (*False, Misleading, and Deceptive Trade Practices*)

17.     Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

18.     Defendant further violated the Texas Deceptive Trade Practices Act ("DTPA"), Tex. Bus. & Comm. Code § 17.50(b)(1) by engaging in false, misleading, and deceptive conduct in the course of its dealings with Plaintiff. Defendant made misrepresentations regarding the policy's coverage scope, the status of Plaintiff's claim, and its alleged efforts to resolve the matter. Plaintiff reasonably relied on these representations to her detriment, resulting in both economic loss and emotional distress.

19.     In *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 649 (Tex. 1996), the court acknowledged that consumers may recover under the DTPA when they rely on false representations made in the course of a business transaction. Defendant's behavior qualifies as knowing and intentional under § 17.50(b)(1), thereby triggering the statute's enhanced remedies, including treble damages and attorneys' fees.

## Fifth Cause of Action
### (*Breach of Contract*)

20.     Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

21.     The elements Defendant's conduct constitutes a clear breach of the insurance contract issued to Plaintiff. The policy obligates Defendant to evaluate and pay covered claims within a reasonable time upon presentation of sufficient proof of loss. Plaintiff fully complied with all policy requirements, including timely submission of claims and supporting documentation— such as police reports, itemized receipts, photographs, and inventories of stolen and damaged property.

22.     Despite Plaintiff's continued cooperation and the clarity of the covered loss, Defendant failed to investigate, evaluate, and tender payment as required under the policy terms. Such failure deprives Plaintiff of the benefit of her bargain and violates the fundamental purpose of the contract: financial indemnity following a covered loss.

23.     Under Texas law, an insurer's failure to pay valid claims constitutes breach of contract. *See Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 340 (Tex. 1995) ("[B]reach of the underlying insurance contract may give rise to contract damages..."); *see also USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 490–92 (Tex. 2018) (clarifying that when an insurer's statutory violation causes damages that are also recoverable under the contract, the insured may recover those damages through a breach of contract claim).

24.     Defendant's breach has caused Plaintiff substantial economic harm and emotional distress, entitling her to actual damages, attorneys' fees, and other relief as provided by law.

## VI.
## DAMAGES

25.     As a direct and foreseeable result of Defendant's statutory violations, bad-faith claim handling, and breach of contract, Plaintiff suffered the following categories of damage, each independently warranting full recovery under Texas law:

(a)     <u>Unreasonable Delay in Payment</u>. By withholding payment of covered benefits far beyond statutory deadlines, Defendant violated the Texas Prompt Payment of Claims Act, Tex. Ins. Code §§ 542.051–.061, causing Plaintiff to endure months without the funds necessary to repair and replace essential property. This delay compounded the original harm, resulting in additional out-of-pocket expenditures, loss of use, and related consequential damages. *See Barbara Techs. Corp. v. State Farm Lloyds*, 589 S.W.3d 806, 820–21 (Tex. 2019); *Ortiz v. State Farm Lloyds*, 589 S.W.3d 127, 135–36 (Tex. 2019).

(b) <u>Failure to Timely Affirm or Deny Coverage</u>. Defendant failed to timely accept or reject the claims after receiving all necessary documentation, in violation of Tex. Ins. Code § 542.056(a). Such delay is not a technical lapse; it is a recognized unfair settlement practice under Tex. Ins. Code § 542.003(b)(2) that deprived Plaintiff of certainty when she most needed it.

(c) <u>Misrepresentation and Refusal to Settle in Good Faith</u>. Defendant knowingly misrepresented material facts and policy provisions relating to coverage, in violation of Tex. Ins. Code §§ 541.060(a)(1), (a)(2)(A), and refused to attempt in good faith to effectuate a prompt, fair, and equitable settlement once liability became reasonably clear, in violation of § 541.060(a)(2)(A). Under *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 55–56 (Tex. 1997), such conduct meets the definition of bad faith.

(d) <u>False, Misleading, and Deceptive Trade Practices</u>. By misrepresenting the scope and enforceability of Plaintiff's policy rights, Defendant engaged in false, misleading, and deceptive acts under the DTPA, Tex. Bus. & Comm. Code §§ 17.46(b), 17.50(a)(4). These acts caused economic loss, mental anguish, and entitle Plaintiff to treble damages for knowing or intentional violations.

(e) <u>Breach of Contract</u>. Defendant's refusal to pay covered benefits violated the express terms of the insurance contract. As recognized in *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 490–91 (Tex. 2018), Plaintiff may recover policy benefits as actual damages, along with consequential damages naturally flowing from the breach.

(f) <u>Attorneys' Fees and Costs</u>. Plaintiff is entitled to recover reasonable and necessary attorneys' fees and court costs under the DTPA.

(g) <u>Pre- and Post-Judgment Interest</u>. Plaintiff seeks interest on all amounts awarded, as permitted by law.

26. These damages were the foreseeable and natural result of Defendant's conduct and are recoverable under the Texas Deceptive Trade Practices Act and other applicable law.

## VII.
## REQUEST FOR DISCLOSURE

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that Defendant disclose, within 50 days of service of this request, the information or material described in Rule 194.2.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that upon final trial or hearing, the Court enter judgment in favor of Plaintiff and against Defendant, and award the following relief:

1. The full value of policy benefits wrongfully withheld;

2. Statutory interest at the rate mandated by Tex. Ins. Code § 542.060(a);

3. Treble damages under Tex. Bus. & Comm. Code § 17.50(b)(1) for knowing or intentional violations;

4. Mental anguish damages under Tex. Bus. & Comm. Code § 17.50(b)(1) and Tex. Ins. Code § 541.152(b);

5. Attorney's fees under Tex. Ins. Code §§ 541.152(a)(1), 542.060(a) and Tex. Bus. & Comm. Code § 17.50(d); and

6. All further relief, at law or in equity, to which she is justly entitled.

Respectfully submitted,

**LE BROCQ & HORNER, PLLC**

By: */s/ Stephen Le Brocq*
Stephen Le Brocq
State Bar No. 24094791
stephen@lebrocqhorner.com
Evan Horner
State Bar No. 24104545
evan@lebrocqhorner.com

2828 E. Trinity Mills Road, Suite 221
Carrollton, Texas 75006
Telephone: 469.930.4385
Telecopy: 866.820.6005

**ATTORNEYS FOR PLAINTIFF TEMANI ADAMS**