# EXHIBIT E

Case 3:25-cv-03069-N   Document 1-7   Filed 11/11/25   Page 2 of 18   PageID 31

FILED
11/6/2025 8:48 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Nicole Burroughs DEPUTY

CAUSE NO. DC-25-19136

| | | |
|---|---|---|
| **TEMANI ADAMS,** | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | 14th JUDICIAL DISTRICT |
| **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY,** | § § § | |
| | § | |
| Defendant. | § | DALLAS COUNTY, TEXAS |

## DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL PETITION

1. Defendant Allstate Vehicle and Property Insurance Company files this Answer to Plaintiff's Original Petition. Without waiving any of the defenses under the policy of insurance under which Plaintiff purport to be claiming in this lawsuit, and still insisting upon any and all policy conditions, exclusions, and other policy terms now or later arising, Defendant respectfully shows the Court as follows:

### I.
### GENERAL DENIAL

2. As authorized by Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies all of the material allegations contained in Plaintiff's Petition and any amendment or supplement to the Petition that Plaintiff may file in this lawsuit. In accordance with Texas law, Defendant demands that Plaintiff prove, by credible evidence meeting the requisite standard of proof, each and every allegation made and contained in this case.

### II.
### SPECIFIC DENIALS AND AFFIRMATIVE DEFENSES

3. **MISREPRESENTATION, FRAUD OR CONCEALMENT.** Defendant is not liable to Plaintiff based on misrepresentation, fraud or concealment in the course of Plaintiff's claim

as well as Plaintiff's breach of the implied covenants of good faith and fair dealing. As laid out in Plaintiff's Policy:

> **GENERAL**
>
> \*   \*   \*
>
> **Misrepresentation, Fraud or Concealment**
>
> **We** may void this policy if it was obtained by misrepresentation, fraud or concealment of material facts. If **we** determine that this policy is void, all premiums paid will be returned to **you** since there has been no coverage under this policy.
>
> **We** do not cover any loss or **occurrence** in which any **insured person** has concealed or misrepresented any material fact or circumstance.
>
> \*   \*   \*

Upon information and belief, Plaintiff misrepresented her ownership interest in the property when initially applying for an insurance policy with Allstate. Thereafter, Allstate determined that Plaintiff made material misrepresentations in the course of its claims handling. Specifically, Allstate's investigation revealed that Plaintiff concealed or misrepresented material information concerning a civil lawsuit pending between her and Detonte Spearman, as well as a resulting judgment, which pertained to who owned the house insured under the Policy. A unanimous jury verdict rendered on September 27, 2024 determined that Mr. Spearman did not agree for Plaintiff to purchase his property from him; that Plaintiff sought to use fraudulent court records and deed records to take property from Mr. Spearman; that Plaintiff committed fraud against Mr. Spearman regarding the deed of sale; and that Plaintiff breached her fiduciary duty to Mr. Spearman. Plaintiff's appeal of the judgment against her was fully dismissed on January 7, 2025, and yet, Plaintiff (herself an attorney, well-versed in legal proceedings) told Allstate on February 21, 2025 that the civil matter had not been resolved because an appeal was pending. Despite her knowledge that a court had already

determined she had no legal right to the property, Plaintiff reported a claim to Allstate with a November 21, 2024 date of loss, representing at the time that she "co-owned" the property with her "former best friend Detonte Spearman." During a recorded call on February 21, 2025, Plaintiff again represented to Allstate that she "co-owned" the property with Mr. Spearman and that she was "on the deed." As late as February 21, 2025, Plaintiff also made inquiries of Allstate for coverage for alleged real property damages, even though she did not own the house. Allstate also learned that the police investigation related to Plaintiff's underlying insurance claim(s) resulted in the theft being determined as unfounded as there was no evidence to support a theft occurred as Plaintiff had reported. In particular, videos taken days prior to the alleged November 21, 2024 date of loss do not depict the personal property that Plaintiff later claimed was stolen. Moreover, Plaintiff told both Allstate and the police investigators that her family had already moved her belongings out of the property prior to the date of loss while she was out of the country.

4. Defendant specifically denies that Plaintiff has complied with all conditions precedent to coverage under the insurance policy contract pursuant to which Plaintiff has presented the insurance claim made the basis of this action and that Plaintiff has complied with all conditions precedent to bringing this cause of action.

5. Defendant specifically denies that it violated any of the Texas Insurance Code provisions alleged by Plaintiff, and that any of its alleged actions or omissions concerning Plaintiff's claim, which Defendant denies, were done knowingly, intentionally, or in bad faith.

6. **POLICY TERMS, CONDITIONS AND LIMITS**. If the Policy is determined to be in effect, which Defendant denies, then any recovery will be subject to the policy limits and policy terms, conditions, exclusions, and limitations. The limit of liability applicable to the dwelling at

issue is $401,551, with Other Structures Protection of $40,156 and a personal property limit of $240,931.

7.  **DEDUCTIBLE**. Any recovery will be subject to the amount of the applicable deductible within the insurance policy. The deductible for all other perils is $4,016.

8.  **DAMAGES AND LOSS CAUSED BY SOMETHING OTHER THAN THE ALLEGED THEFT CLAIMS.** Plaintiff's claims are barred, in whole or in part, to the extent the damages and losses alleged in Plaintiff's Original Petition, none being admitted, pre-existed or post-dated the alleged date of loss and/or pre-dated the policy inception.

9.  **CONCURRENT CAUSATION**. Defendant asserts the defense of concurrent causation. Under the doctrine of concurrent causes, an insured's recovery is limited to the amount of damage caused by a covered peril.[1] In other words, when a loss is caused by covered and non-covered perils, the insured may recover only that portion of the damage caused solely by the covered peril.[2] Because the insured is required to prove that the damage is covered by the policy, which in this case has an applicable policy period of April 24, 2024 through April 24, 2025 the burden of segregating the damage attributable solely to the covered peril from the damage attributable to the non-covered peril is a coverage issue on which the insured bears the burden of proof.[3]

10. **COVERAGE IS LIMITED TO SUDDEN AND ACCIDENTAL DIRECT PHYSICAL LOSS DURING THE POLICY PERIOD.** Pursuant to the following provision of the Policy, Coverages A, B and C are limited to Sudden and accidental direct physical loss:

---

[1] *Wallis v. United Servs. Automobile Ass'n*, 2 S.W.3d 300, 302-03 (Tex. App.—San Antonio 1999, pet. denied).
[2] *Hamilton Properties v. The American Insurance Co.,* 2014 WL 3055801, CA 3:12–CV–5046–B (July 7, 2014) (Boyle, J.); *Travelers Indem. Co. v. McKillip*, 469 S.W.2d 160, 163 (Tex. 1971); *Wallis*, 2 S.W.3d at 303.
[3] *Hamilton,* 2014 WL at *4; *Wallis*, 2 S.W.3d at 303 n.5.

**GENERAL**

\*     \*     \*

**Insuring Agreement**

In reliance on the information **you** have given **us, we** agree to provide the coverages indicated on the Policy Declarations, In return, **you** must pay the premium when due and comply with the policy terms and conditions, and inform **us** of any changes in title, use or occupancy of the **residence premises**.

Subject to the terms of this policy, the Policy Declarations shows the location of the **residence premises**, applicable coverages, limits of liability and premiums. The policy applies only to losses or **occurrences** that take place during the policy period. The Policy Period is shown on the Policy Declarations. This policy is not complete without the Policy Declarations.

This policy imposes joint obligations on the Named Insured(s) listed on the Policy Declarations and on that person's resident spouse. These persons are defined as **you** or **your**. This means that the responsibilities, acts and omissions of a person defined as **you** or **your** will be binding upon any other
person defined as **you** or **your**.

\*     \*     \*

**SECTION I – YOUR PROPERTY**

\*     \*     \*

**Losses We Cover Under Coverages A, B and C:**
**We** will cover **sudden and accidental** direct physical loss to the property described in **Dwelling Protection--Coverage A**, **Other Structures Protection –Coverage B or Personal Property Protection – Coverage C** caused by the following except as limited or excluded in this policy:

\*     \*     \*

There is no coverage for the repair or replacement of undamaged property since there is no sudden and accidental direct physical loss caused by a covered cause of loss. There is also no coverage for damage unrelated to this date of loss and/or which predates the policy period.

11.     **DUE PROCESS.** To the extent Plaintiff seeks punitive damages, Defendant invokes its right under the due process clause of the Fifth Amendment of the United States Constitution as

applied to the states through the Fourteenth Amendment of the United States Constitution. Defendant affirmatively pleads that Plaintiff's pleading of punitive and/or exemplary damages violates the due process clauses of the Fifth and Fourteenth Amendments.

12. **PUNITIVE DAMAGES IMPROPER AND SUBJECT TO LIMITATIONS.** To the extent Plaintiff seeks punitive damages against Defendant, assessment of punitive damages is improper because Plaintiff failed to plead any predicate authorizing the recovery of punitive damages. Plaintiff is unable to establish, by credible evidence meeting the requisite standard of proof, that Defendant was actually aware of any harm which Plaintiff alleges to have sustained as a result of the handling of Plaintiff's insurance claim; therefore, Plaintiff is not entitled to any alleged exemplary or punitive damages because Plaintiff is unable to prove that Defendant was actually aware of an extreme risk resulting from the handling of Plaintiff's claim. Further, Plaintiff is unable to establish, by clear and convincing evidence, that Defendant acted with malice; therefore, under section 41.001(7) of the Texas Civil Practice and Remedies Code, Plaintiff is not entitled to any supposed exemplary or punitive damages that Plaintiff alleges in this lawsuit. Further, any award of punitive damages must be limited to the greater of: (1) two times the amount of economic damages plus an amount equal to any non-economic damages found by the jury, not to exceed $750,000; or (2) two times the amount of economic damages plus $200,000, pursuant to the statutory mandates of Texas Civil Practice & Remedies Code Section 41.002-41.009.

13. **TEXAS INSURANCE CODE.** Plaintiff's claims under the Texas Insurance Code are barred because, among other things, (a) Plaintiff's policy is void due to her fraud and misrepresentations; (b) Defendant did not breach the insurance policy at any point; (c) Plaintiff have not sustained any damages independent of Plaintiff's alleged breach-of-contract theory; (d) the handling and investigation of Plaintiff's insurance claim was reasonable; (e) any alleged liability for

Plaintiff's insurance claim did not become and is not reasonably clear after Defendant's investigation determining that Plaintiff made misrepresentations and concealed materials facts; and (f) there is a bona fide coverage dispute concerning Plaintiff's insurance claim and the policy of insurance under which Plaintiff purports to be claiming in this lawsuit. Defendant had a reasonable basis for its conduct based upon the claim investigation. Therefore Plaintiff's extra-contractual causes of action are precluded.

14. **LACK OF COVERAGE PRECLUDES EXTRA-CONTRACTUAL LIABILITY.** The existence of coverage and/or compensable damage for Plaintiff's underlying insurance claims is mandatory to establish the basis of Plaintiff's claims under the Texas Insurance Code and the common law. Because Plaintiff's allegations are generally based upon Defendant's alleged failure to pay policy benefits, the absence of coverage for many portions of Plaintiff's underlying insurance claim precludes Plaintiff's Insurance Code and extra-contractual claims against Defendant arising out of those allegations.

15. **EXCESSIVE DEMAND DOCTRINE.** Plaintiff's claim for recovery of her alleged attorney fees is barred in whole or in part, or is subject to limitation or reduction, pursuant to the excessive demand doctrine.[4]

16. **CONTRIBUTORY NEGLIGENCE AND COMPARATIVE FAULT.** Plaintiff's claims are barred, in whole or in part, by the doctrines of contributory negligence and comparative fault.

17. **CREDIT/OFFSET.** Defendant is entitled to a credit or offset against Plaintiff's damages, if any, in the amount of Plaintiff's deductible.

---

[4] *See, e.g., Triton 88, L.P. v. Star Elec., L.L.C.*, 411 S.W.3d 42, 65 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (citations omitted).

18. **FAILURE TO MITIGATE.** Plaintiff's claims are barred to the extent she failed to mitigate her damages or protect the property from further loss, as required by Plaintiff's policy.

19. **LOSSES NOT INSURED.** Pursuant to the following provisions of the Policy, the following losses do not come within the policy's coverage:

**SECTION I – YOUR PROPERTY**

\*     \*     \*

**Personal Property Protection – Coverage C**

**Property We Cover Under Coverage C:**

1. Personal property owned or used by an **insured person** anywhere in the world. When personal property is located away from the **residence premises**, coverage is limited to 10% of **Personal Property Protection – Coverage C.**

\*     \*     \*

**Losses We Cover Under Coverages A, B and C:**

\*     \*     \*

15. Theft, or attempted theft, including disappearance of property from a known place when it is likely that a theft has occurred. Any theft must be promptly reported to the police.

    **We** do not cover:

    a) theft or attempted theft committed by an **insured person**;

    b) theft in or from the **residence premises** while under construction of materials and supplies for use in construction, until the **dwelling** is completed and occupied;

    c) theft of any property while at any other residence owned, rented to or occupied by an **insured person** unless the **insured person** is temporarily residing there;

    d) theft of trailers, campers, watercraft, including furnishings, equipment and outboard motors, away from the **residence premises**;

  e) theft from that part of the **residence premises** rented by **you** to other than an insured person.

\*  \*  \*

**Losses We Do Not Cover Under Coverages A, B and C:**

\*  \*  \*

D. Under **Dwelling Protection – Coverage A, Other Structures Protection – Coverage B** or **Personal Property Protection – Coverage C** of this policy, **we** do not cover loss any loss which consists of, is caused by, one or more of the following excluded events, perils or conditions…

\*  \*  \*

1. The failure by an **insured person** to take all reasonable steps to save and preserve property when the property is endangered by a cause of loss **we** cover.

2. Intentional or criminal acts of or at the direction of any **insured person,** if the loss that occurs:

   a) may be reasonably expected to result from such acts; or
   b) is the intended result of such acts.

   This exclusion will not apply to an innocent spouse or **insured person** who did not contribute to the such loss or to the interest of an innocent spouse or **insured person** in the damaged property.

   This exclusion applies regardless of whether the **insured person** is actually charged with, or convicted of, a crime.

\*  \*  \*

20. **SPECIFIC DENIAL OF CONDITIONS PRECEDENT.** Pursuant to Texas Rules of Civil Procedure 54 and 93, Defendant files a verified specific denial[5] of Plaintiff's claim that "Plaintiff fully complied with the policy's requirements."[6] Pursuant to the following provisions of the Policy, Plaintiff's claims are barred by her failure to comply with the following policy conditions in the event that Defendant was prejudiced by that failure:

---

[5] *See* Exhibit A.
[6] *See* Plaintiff's Original Petition at para. 7.

**ALLSTATE'S ANSWER TO PLAINTIFF'S ORIGINAL PETITION**  **PAGE 9**
DMS_US.374397717.1

**SECTION I – CONDITIONS**

\*   \*   \*

3.  **What You Must Do After A Loss.**[7]

    In the event of a loss to any property that may be covered by this policy, **you** must:

    (a) promptly give **us** or **our** agent notice. Report any theft to the police as soon as possible.

    (b) protect the property from further loss. Make any reasonable repairs necessary to protect it. Keep an accurate record of any repair expenses.

    (c) separate damaged from undamaged personal property. Give **us** a detailed list of the damaged, destroyed or stolen property, showing the quantity, cost, actual cash value and the amount of loss claimed.

    (d) give **us** all accounting records, bills, invoices and other vouchers, or certified copies, which **we** may reasonably request to examine and permit **us** to make copies.

    (e) produce receipts for any increased costs to maintain **your** standing of living while **you** reside elsewhere, and records supporting any claim for loss of rental income.

    (f) as often as **we** reasonably require:

       (1) show **us** the damaged property. **We** have a right to reasonable and safe opportunities to view and inspect the loss as often as necessary, unimpeded by actions of **you** or others, including, but not limited to, civil, governmental or military authorities, that prevent us from viewing and inspecting the loss. **We** may require **you** to accompany **us** when **we** conduct these activities.

\*   \*   \*

    (g) Upon **our** request, send to us your signed sworn proof of loss within 91 days of the date of **our** request. This statement must include the following information:

       (1) the date, time, location and cause of loss;

---

[7] From Texas Amendatory Endorsement – AVP345.

(2) the interest **insured persons** and others have in the property, including any encumbrances;

(3) any other insurance that may cover the loss;

(4) any changes in title, use, occupancy or possession of the property that have occurred during the policy period;

(5) at **our** request, the specifications of any damaged **building structure** or other structure;

(6) the estimated or actual cost to repair or replace the property stolen or damaged by the loss with materials of like kind and quality;

(7) the amount **you** have actually spent to repair or replace the property stolen or damaged by the loss; and

(8) in the event that **you** give **us** a signed proof of loss, and after submitting that to **us**, **you** determine that you want to include a claim for additional damage or loss, **you** must submit to **us** a supplemental proof of loss which identifies the amount of the additional loss for each item damaged or stolen.

**We** have no duty to provide coverage under this section if **you**, an **insured person**, or a representative of either fail to comply with items a) through g) above, and this failure to comply is prejudicial to **us**.

\*      \*      \*

13. **Action Against Us.**

No one may bring an action against **us** in any way related to the existence or amount of coverage, or the amount of loss for which coverage is sought, under a coverage to which **Section I** Conditions applies, unless:

(a) there has been full compliance with all policy terms; and

(b) the action is commenced within two years and one day from the date the cause of action first accrues; and

(c) in the event that **you** and **we** fail to agree on the amount of loss claimed by **you**, unless **you** have previously provided to **us** a signed sworn proof of loss, it is a condition under this **Action Against Us** provision that no later than 91 days prior to commencing any action against **us** that **we** receive from **you** a signed sworn proof of loss, which contains, to the best of **your** knowledge and belief, the following information:

    (1)  the date, time, location and cause of loss;

    (2)  the interest **insured persons** and others have in the property, including any encumbrances;

    (3)  any other insurance that may cover the loss;

    (4)  any changes in title, use, occupancy or possession of the property that have occurred during the policy period;

    (5)  at **our** request, the specifications of any damaged **building structure** or other structure;

    (6)  the estimated or actual cost to repair or replace the property stolen or damaged by the loss with materials of like kind and quality;

    (7)  the amount **you** have actually spent to repair or replace the property stolen or damaged by the loss; and

    (8)  in the event that **you** give **us** a signed proof of loss, and after submitting that to **us**, **you** determine that you want to include a claim for additional damage or loss, **you** must submit to **us** a supplemental proof of loss which identifies the amount of the additional loss for each item damaged or stolen.

As to the above, Defendant provided the following in a letter to Plaintiff dated March 4, 2025, which formed the basis of Defendant's claims determination:

> Allstate Vehicle and Property Insurance Company has completed our investigation regarding claim number 0776415309. Based on all information provided to date, we're advising that Allstate Vehicle and Property Insurance Company cannot cover the claim due to evidence of concealment, fraud, or material misrepresentation of loss facts. Specifically, our investigation revealed that you concealed or misrepresented material information concerning the civil matter between you and Mr. Spearman as it pertains to the home insured under the policy. You also concealed information about the judgement rendered against you in the civil matter.
>
> In addition, the police investigation resulted in the theft being unfounded as there was no evidence to support a theft occurred as reported. Your policy extends theft coverage when it is likely that a theft has occurred.

# III.
# PRAYER

21. Defendant Allstate Vehicle and Property Insurance Company prays that, upon final trial and hearing of this lawsuit, Plaintiff take nothing and that Defendant recovers its costs, fees, and expenses, and for such other and further relief to which Defendant may show itself justly entitled, both in law and at equity.

Respectfully Submitted,

*/s/ Susan E. Egeland*
SUSAN E. EGELAND
State Bar No. 24040854
susan.egeland@faegredrinker.com
SARA E. INMAN
State Bar No. 24073098
sara.inman@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
2323 Ross Avenue, Suite 1700
Dallas, Texas 75201
(469) 357-2500
(469) 327-0860 (fax)

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record via eFile Texas on November 6, 2025.

*/s/ Susan E. Egeland*
SUSAN E. EGELAND

# EXHIBIT A

CAUSE NO. DC-25-19136

| | | |
|---|---|---|
| **TEMANI ADAMS,** | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | 14th JUDICIAL DISTRICT |
| **ALLSTATE VEHICLE AND PROPERTY** | § | |
| **INSURANCE COMPANY,** | § | |
| | § | |
| Defendant. | § | DALLAS COUNTY, TEXAS |

**DECLARATION (IN LIEU OF AFFIDAVIT) IN SUPPORT OF
DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL PETITION**

| | |
|---|---|
| **STATE OF TEXAS** | § |
| | § |
| **COUNTY OF TARRANT** | § |

I, Susan Egeland, declare and state as follows, in accordance with Texas Civil Practice and Remedies Code Section 132.001(a):

"I am over the age of 18 (DOB 8/9/78), have never been convicted of a felony or crime involving moral turpitude and am duly qualified and competent to execute this affidavit and the facts contained herein are true and correct based upon the knowledge I obtained from review of the claim-related materials pertaining to this matter. My name is Susan Elizabeth Egeland. My office address is Faegre Drinker Biddle & Reath LLP, located at 2323 Ross Avenue, Suite 1700, Dallas, Texas 75201, and I am one of the attorneys representing Defendant Allstate Vehicle and Property Insurance Company in this lawsuit.

I have read Defendant Allstate Vehicle and Property Insurance Company's Answer to Plaintiff's Original Petition, and declare under penalty of perjury that the facts stated therein, specifically at paragraph no. 20, are true and correct to the best of my present knowledge, information and belief."

Executed in Tarrant County, State of Texas on November 5, 2025.

_____
Susan Elizabeth Egeland
Counsel for Defendant

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Danette Dykema on behalf of Susan Egeland
Bar No. 24040854
Danette.dykema@faegredrinker.com
Envelope ID: 107730177
Filing Code Description: Original Answer - General Denial
Filing Description: Def's Answer to Plaintiff's Original Petition
Status as of 11/6/2025 9:22 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| STEPHEN BROCQ | | STEPHEN@LEBROCQHORNER.COM | 11/6/2025 8:48:04 AM | SENT |
| Kelly M.Olson | | kelly.olson@faegredrinker.com | 11/6/2025 8:48:04 AM | SENT |
| Stephanie M.Stephens | | stephanie.stephens@faegredrinker.com | 11/6/2025 8:48:04 AM | SENT |
| Danette Dykema | | Danette.dykema@faegredrinker.com | 11/6/2025 8:48:04 AM | SENT |
| Sara ElizabethInman | | sara.inman@faegredrinker.com | 11/6/2025 8:48:04 AM | SENT |
| Susan Egeland | | susan.egeland@faegredrinker.com | 11/6/2025 8:48:04 AM | SENT |